MORGAN DRIVE AWAY, INC., *v.* PUBLIC
SERVICE COMMISSION

ADMINISTRATIVE LAW AND PROCEDURE—APPEAL AND ERROR—SCOPE OF
REVIEW.
  Circuit court review of an order of the Public Service Commis-
  sion is limited to the question of whether or not the order
  is supported by competent, material and substantial evidence;
  the trial judge may not substitute his judgment for that
  of the commission.

Appeal from Ingham, Louis E. Coash, J.   Sub-
mitted Division 2 December 3, 1969, at Lansing.
(Docket No. 6,791.)   Decided December 8, 1969.

The Michigan Public Service Commission granted
a restricted certificate of public convenience and
necessity to Romaine O. Cook, doing business as
Able Mobile Home Transporters, for the purpose
of transporting mobile homes.   Plaintiffs Morgan
Drive Away, Inc., National Trailer Convoy, Inc.,
Transit Homes, Inc., and Michigan Mobile Home
Service appealed to circuit court from the commis-
sion order.   Judgment for defendants.   Plaintiff
appeals.   Affirmed.

*William B. Elmer,* attorney for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David P. Van Note,*

REFERENCE FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law § 546.

Assistant Attorney General, and *Walter V. Kron,* Assistant Attorney General, for defendant Michigan Public Service Commission.

*Dingell, Hylton & Zemmol,* for defendant Romaine O. Cook.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. Defendant Michigan Public Service Commission granted a restricted certificate of public convenience and necessity to intervening defendant Romaine O. Cook, doing business as Able Mobile Home Transporters, as a limited common carrier to transport mobile homes. The certificate granted Cook permission to transport "mobile homes between all points north of highway M–46 on the one hand, and on the other, various Michigan points to and from all federal armed forces installations". The only restriction was that no new homes might be moved by Cook from the point of manufacture. From a judgment in the Ingham County Circuit Court affirming defendant commission's order to grant, plaintiffs appeal.

Plaintiffs appealed the commission's order to the Ingham County Circuit Court contending that the commission made findings of fact for which there was no supporting evidence on the record. The trial judge found, after review of the record, that it could not say that the commission failed to follow some mandatory provision of the pertinent statute, or that it was guilty of any abuse of discretion in the exercise of its judgment. The evidence in the record supported the findings made.

All parties to this action agree that a review by the circuit court of an order by the Michigan Public

Service Commission is limited to the question of whether or not the order is supported by competent, material and substantial evidence. The trial judge may not substitute his judgment for that of the commission.

The evidence in this case showed that Cook has five years' previous experience as a mobile homes mover and had previously worked for some of the plaintiffs.

Several witnesses testified as to the inadequacy of the present service and to the fact that many persons used unlicensed movers because of the problems in obtaining adequate service. Testimony by one witness, a trailer park owner in Oscoda, revealed that he catered primarily to Air Force personnel, and that the service rendered by present carriers is inadequate.

Testimony by Cook, himself, revealed that he had gone to some lengths to determine the need for additional movers by examining present trends in the growth in numbers of trailer owners. He had contacted numerous trailer owners, mobile home sales agencies and trailer park operators. All had expressed the need for additional service. Further, he presented a petition signed by several hundred persons asking the Public Service Commission to grant the certificate.

In addition, Cook testified that he had agreements with various persons to operate the various terminals he proposed to open, and also submitted, for review by the commission, his financial statements and insurance commitments if he should be granted the certificate.

In this Court's opinion there was competent evidence to support the ruling of the defendant and the judgment of the lower court.

Judgment of the trial court is affirmed. No costs.